IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| GLORIA HILL,<br><br>Plaintiff,<br><br>vs.<br><br>U.S. BANK HOME MORTGAGE, JOE VASCO, and 100 YEAR HOMES, INC.,<br><br>Defendants. | 8:22CV299<br><br>**MEMORANDUM AND ORDER** |

Plaintiff Gloria Hill ("Hill") filed her Complaint on August 18, 2022. Filing No. 1. On that same day Hill also filed a motion for summons against all named defendants. Filing No. 4. Hill was given leave to proceed in forma pauperis. Filing No. 7. The Court now conducts an initial review of Hill's pro se Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915.

### I. SUMMARY OF COMPLAINT

The subject matter of the case is the alleged actions relating to foreclosure of real property owned by Hill[1] taken by the following three named defendants: U.S. Bank Home Mortgage ("US Bank"), Joe Vasco ("Vasco"), and 100 Year Homes, Inc. ("100 Year"). Filing No. 1. Hill alleges various claims under state and federal law and asserts this Court

---

[1] The property at issue is located at 14622 Mormon Street, Bennington, Nebraska 68007 (the "Property"). Filing No. 1 at CM/ECF p. 2. Hill alleges the Property was improperly sold at a foreclosure sale in 2020, after she was wrongfully evicted by the Defendants via a forceable detainer action in Douglas County, Nebraska. *Id.* at CM/ECF p. 3.

has subject matter jurisdiction over the dispute in diversity because the parties are citizens of different states and the amount in controversy exceeds $75,000. *Id.* at CM/ECF p. 1 (citing 28 U.S.C. § 1391(b)(2).)

## II. APPLICABLE STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). While "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties," *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted), pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or their complaint shall be dismissed. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

## III. DISCUSSION

"Federal courts are courts of limited jurisdiction and the 'threshold requirement in every federal case is jurisdiction.'" *Barclay Square Properties v. Midwest Fed. Sav. & Loan Ass'n of Minneapolis*, 893 F.2d 968, 969 (8th Cir. 1990) (quoting *Sanders v. Clemco Indus.,* 823 F.2d 214, 216 (8th Cir.1987)). Before the merits of a matter can be addressed, the Court must establish it has subject matter jurisdiction over the dispute. *Id.*

The Court has reviewed Hill's Complaint in which Hill alleges this Court has diversity jurisdiction over this lawsuit. Filing No. 1 at 1. Although complaints filed by pro se litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers, as set forth above, even pro se litigants must adequately allege jurisdiction for a matter to proceed in this Court. *See Fish v. Ristvedt*, 192 F. Supp. 2d 1024, 1030 (D.N.D. 2002). Upon review, the Court finds Hill failed to adequately allege facts which would establish this Court's diversity or federal question jurisdiction.

**A.      Diversity Jurisdiction**

Diversity jurisdiction applies to actions between "(1) citizens of different States; (2) citizens of a State and citizens or subjects of a foreign state . . . ; (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and (4) a foreign state . . . as plaintiff and citizens of a State or of different States." 28 U.S.C. § 1332(a). The Court cannot exercise diversity jurisdiction over a matter "unless *each* defendant is a citizen of a different State from *each* plaintiff." *Owen Equip. & Erection Co. v. Kroger,* 437 U.S. 365, 373 (1978). Generally, to establish diversity a plaintiff "must set

forth with specificity the citizenship of the parties." *Barclay,* 893 F.2d at 969 (citation omitted). However, the Eighth Circuit has relaxed the standard for pro se plaintiffs.

While an action should be dismissed as frivolous "only if it appears beyond doubt that the petitioner can prove no set of facts in support of the claim which would warrant relief," *Sanders v. U.S.*, 760 F.2d 869, 871 (8th Cir. 1985), a pro se plaintiff still must "set forth some facts alleging diversity jurisdiction" to survive dismissal. *Fish,* 192 F. Supp. 2d at 1030 (citing *Sanders*, 760 F.2d at 871). Jurisdiction may be supported by facts conferred "in any part of the record, or are the necessary consequences of the facts stated in the pleadings or the findings of the court." *Myers v. Hettinger,* 94 F. 370, 372 (8th Cir.1899). And the party seeking a federal forum has the burden of establishing jurisdiction by a preponderance of the evidence. *Yeldell v. Tutt*, 913 F.2d 533, 537 (8th Cir. 1990) (citing *Blakemore v. Missouri Pac. R.R.,* 789 F.2d 616, 618 (8th Cir.1986)).

Here, Hill's requests for monetary relief satisfies the amount-in-controversy requirement for diversity jurisdiction. *See* Filing No. 1 at 1. However, Hill failed to meet her burden of establishing diversity jurisdiction over parties[2] as follows.

1. *Gloria Hill*

"The existence of diversity of citizenship is determined at the time the suit is instituted, and not when the cause of action arose," *Yeldell v. Tutt*, 913 F.2d 533, 537 (8th Cir. 1990) (citing *Smith v. Snerling,* 354 U.S. 91, 93 n. 1 (1957); *Blakemore v. Missouri Pac. R.R.*, 789 F.2d 616, 618 (8th Cir.1986), therefore a party's prior residence is of no consequence for determining diversity jurisdiction. However, "[i]t has long been held that,

---

[2] A court must raise the issue of subject matter jurisdiction sua sponte if the record suggests jurisdiction is lacking. *Insurance Corp. of Ireland v. Compagnie Des Bauxites De Guinee,* 456 U.S. 694, 702 (1982).

for purposes of determining diversity of citizenship, the controlling consideration is the *domicile* of the individual." *Jones v. Hadican*, 552 F.2d 249, 250 (8th Cir. 1977) (emphasis added). Residency, is not the same as domicile for purposes of establishing diversity jurisdiction. *Brunk v. Graybar Elec. Co. Inc.*, 713 F.Supp.2d 814, 817 n.3 (S.D. Iowa 2010) ("[A]n averment of residency is not sufficient to establish citizenship for purposes of diversity jurisdiction."). Instead, the proper analysis for determining citizenship is the two-part test for domicile: a party's presence in the purported state of domicile and his or her intention to remain there indefinitely. *Sheehan v. Gustafson*, 967 F.2d 1214, 1215 (8th Cir. 1992).

Here, Hill alleges she is a "*resident* of California, previously being a *resident* of Douglas County, Nebraska." Filing No. 1 at 2 (emphasis added). While Hill's prior residence of Nebraska is irrelevant for establishing citizenship, her allegation that she is currently a resident of California is indicative of her presence in California but does not establish her intent to remain there indefinitely. As the pleadings provide no additional information as to Hill's intent to remain in California indefinitely, she must amend her Complaint to address this deficiency.

### 2. US Bank

"All national banking associations shall, for the purposes of all other actions by or against them, be deemed citizens of the States in which they are respectively located." 28 U.S.C. § 1348. A national banking association is located, for diversity jurisdiction purposes, in the state designated in its articles of association as locus of its main office, not in every state where it has branch offices. *Wachovia Bank v. Schmidt*, 546 U.S. 303, 303 (2006); *Anthony v. Cattle Nat. Bank & Tr. Co.*, 684 F.3d 738, 739 (8th Cir. 2012).

Here, Hill's jurisdictional allegations regarding US Bank are insufficient. Hill submits that "Defendant US Bank is a national banking association, a Non-Depository Payor Bank" but only alleges US Bank is "licensed to conduct ordinary business in Douglas County, Nebraska," Filing No. 1 at CM/ECF p. 2, failing to address where US Bank's main office is located. As the pleadings provide no additional information as to US Bank's main office location, Hill must amend her Complaint to address the deficiency.

### 3. *Joe Vasco*

As previously stated, when suing an individual, "for purposes of determining diversity of citizenship, the controlling consideration is the domicile of the individual." *See Jones*, 552 F.2d at 250, *supra*.

Here, Hill fails to allege any facts related to Vasco's domicile, instead submitting only that Vasco "was an employee of Defendant 100 Year, operating in his individual capacity under the direction and control of Defendant 100 Year" without any mention of his individual citizenship. *See* Filing No. 1 at 2. As the pleadings provide no additional information as to Vasco's individual citizenship, Hill must amend her Complaint to address the deficiency.

### 4. *100 Year*

Hill alleges "Defendant 100 Year is a for-profit corporation . . . licensed to conduct ordinary business in Douglas County, Nebraska." Filing No. 1 at 2. A corporation's citizenship derives, for diversity jurisdiction purposes, from its State of incorporation and principal place of business. 28 U.S.C. § 1332(c)(1).

As Hill fails to allege where 100 Year is incorporated or where its principal place of business is located and as the pleadings provide no additional information as to where

100 Year was incorporated or where its principal place of business is, in order to proceed against 100 Year Hill must amend her Complaint to address the deficiency.

**B.     Federal Question Jurisdiction**

Although Hill does not allege that subject matter jurisdiction exists under 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."), she asserts several claims that allegedly arise under federal statutes in Counts I, II, VI, VII, X, and XI of her Complaint. *See* Filing No. 1. Upon examination, though, none of these claims are actionable as plead.

       **1.**     ***Counts I and II for Wrongful Foreclosure and Deprivation of Property Interest under 42 U.S.C. § 1983 and 42 U.S.C. § 1988***

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Id.*, 487 U.S. at 49.

In counts I and II of the Complaint, Plaintiff brings claims against the Defendants under 42 U.S.C. § 1983 alleging "violation of civil rights" via depriving her of her property interest through "wrongful foreclosure" and "retaliatory and wrongful eviction." Filing No. 1 at 3, 6. The facts alleged in the Complaint, however, do not establish that any Defendant acted under color of state law. Specifically, Hill's allegation that Defendants acted under color of state law by "avail[ing] themselves of the state courts as a mechanism to deprive

7

Plaintiff of her well-established property interest in the subject property," Filing No. 1 at 7, is insufficient as "[b]anks, employees, and their attorneys have been held to be private entities or parties not subject to suit under § 1983." *Cortez v. Anderson*, No. CIV.A. 09-2063, 2010 WL 1346301, at *2 (W.D. Ark. Mar. 10, 2010) (collecting cases), *report and recommendation adopted,* 2010 WL 1345845 (W.D. Ark. Mar. 30, 2010).

Plaintiff also cites 42 U.S.C. § 1988 as a basis for counts I and II. Section 1988 however, merely provides for the application of common law in civil rights proceedings brought under other statutes and for attorneys' fees and experts' fees in civil rights cases. *Johnston v. Brisco*, No. 06-CV-03002, 2007 WL 1576026, at *31 (W.D. Ark. May 30, 2007). Section 1988 does not create an independent federal cause of action for the violation of federal civil rights. *Stagemeyer v. Cty. of Dawson, NE.*, 205 F. Supp. 2d 1107, 1115 (D. Neb. 2002).

### 2. Count VI seeking a judicial determination of rights, obligations and interests of the parties under the note and security instrument pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201

In Count VI, Plaintiff asserts a claim under the Declaratory Judgment Act, 28 U.S.C. § 2201. Filing No. 1 at 13. As "the federal Declaratory Judgment Act . . . is a procedural statute, not a jurisdictional statute," it cannot stand alone as a basis for federal jurisdiction. *McGowen, Hurst, Clark & Smith, P.C. v. Com. Bank,* 11 F.4th 702 n. 2 (8th Cir. 2021) (quoting *Missouri ex rel. Mo. Highway & Transp. Comm'n v. Cuffley*, 112 F.3d 1332, 1334 (8th Cir. 1997)). Instead, a federal court must have an independent basis for federal jurisdiction, such as diversity or federal-question jurisdiction. *Id.* For the reasons discussed herein,Plaintiff has not established an independent basis for federal jurisdiction in this case.

### 3. Count VII for conspiracy in violation of 42 U.S.C. § 1985(3) and 42 U.S.C. § 1983

Plaintiff alleges the existence of a conspiracy under 42 U.S.C. § 1985(3) in Count VII. Filing No. 1 at 14–16. A claim under this statute requires class-based invidious discrimination, meaning there must be some "racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *See Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971); *Pitlor v. TD Ameritrade, Inc.*, No. 8:20-CV-267, 2021 WL 1060772, at *5 (D. Neb. Mar. 18, 2021), *aff'd sub nom. Pitlor v. T.D. Ameritrade, Inc.*, 857 F. App'x 898 (8th Cir. 2021).

Here, Plaintiff's Complaint merely recites the words of § 1985, *see* Filing No. 1 at 15, which does not satisfy federal pleading standards. "[P]laintiffs who merely parrot the statutory language of the claims that they are pleading (something that anyone could do, regardless of what may be prompting the lawsuit), rather than providing some specific facts to ground those legal claims, . . . have not provided the 'showing' required by Rule 8 [of the Federal Rules of Civil Procedure]." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009); *see Twombly*, 550 U.S. at 555 ("[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (quoting Fed. R. Civ. P. 8(a)(2))).

Plaintiff also appears to allege the existence of a conspiracy under 42 U.S.C. § 1983. Filing No. 1 at 16–17. Because a section 1983 claim applies to state action, Plaintiff "must establish not only that [Defendants] caused a deprivation of constitutional rights, but that [they] willfully participated with state officials and reached a mutual understanding concerning the unlawful objective of a conspiracy." *Crawford v. Van Buren*

9

*Cty.*, 678 F.3d 666, 670-71 (8th Cir. 2012) (quoting *Dossett v. First State Bank,* 399 F.3d 940, 951 (8th Cir. 2005)). Plaintiff's factual allegations fail to show the existence of such a conspiracy or the involvement of any state officials.

### 4. Count X for Unlawful Taking for Foreclosure and Forcible Detainer in Violation of the 5th and 14th Amendments of the United States Constitution

In Count X of the Complaint, Hall alleges the actions of Defendants resulted in an illegal taking of the Property in violation of the Fifth and Fourteenth Amendments of the United States Constitution and that she was given "no just compensation for the illegal taking of her property." Filing No. 1 at 21.

The Takings Clause states, in relevant part: "nor shall private property be taken for public use, without just compensation." U.S. Const. amend. V, cl. 4. "The Takings Clause's prohibition is specifically directed against the federal government." *Roszkowski v. United States*, No. 14-1178 L, 2015 WL 1883965, at *1 (Fed. Cl. Apr. 24, 2015) (quoting *Lenoir v. United States,* 618 F.2d 125 (Ct. Cl. 1979) (citing *Hooe v. United States,* 218 U.S. 322, 335–336 (1910) (internal quotations omitted)).

> In order to trigger this aspect of the court's jurisdiction . . . the United States must have been the entity which allegedly did the taking. A claimant under the Takings Clause must show that the government, by some specific action, took a private property interest for a public use without just compensation.

*Id.* (citing *Adams v. United States,* 391 F.3d 1212,1218 (Fed. Cir. 2004) (citing *Hodel v. Va. Surface Mining & Reclamation Ass'n,* 452 U.S. 264, 294 (1981))).

Here, Hill does not allege that the federal government has taken any action in relation to the foreclosure at issue in her Complaint.[3] As Hill's factual allegations fail to

---

[3] Additionally, even where a facial assertion of a Takings Clause violation is alleged, if a plaintiff seeks just compensation under the Takings Clause, and state law provides an "avenue for which [a p]laintiff could seek compensation" but there is no evidence in the records that a plaintiff has "exhausted any

10

show the involvement of the federal government, the Court cannot assert federal question jurisdiction under Count X.

### 5. Count XI for Violation of the Real Estate Settlement Procedures Act ("RESPA") 12 U.S.C. §§ 2601 et. seq.

Finally, Hill relies on the definition of qualified written request ("QFR"), and the loan servicer's requirements under RESPA, in support of her contentions that Defendants violated the act by failing to respond to her after she "communicated her disagreement with the alleged default" to Defendants—which she alleges were QFRs under RESPA. Filing No. 1 at 21–22. Hill, however, provides absolutely no detail about the substance of any alleged communication including which Defendants the alleged QFR was made to or when the alleged QFRs were made.

As set forth previously, parroting statutory language of the claims plead instead of providing specific facts to ground those legal claims do not provide the 'showing' required by Rule 8 of the Federal Rules of Civil Procedure. *See* Brooks, 578 F.3d at 581, Twombly, 550 U.S. at 555, *supra.* Specifically, the failure to allege or otherwise indicate the nature of the communications or how it qualifies as a QFR is insufficient to satisfy the pleading standards of Rule 8 of the Federal Rules of Civil Procedure*.* Copeland v. Lehman Bros. Bank, FSB, No. 09CV1774-WQHRBB, 2009 WL 5206435, at *3 (S.D. Cal. Dec. 23, 2009) (citing Twombly, 550 U.S. at 555). As such, the Court cannot exercise federal question jurisdiction over this claim based on the insufficiently plead facts in the Complaint.

---

available state procedure for seeking compensation for the alleged taking prior to bringing a claim pursuant to the Takings Clause," a federal court cannot exercise federal question jurisdiction over the claim. Ouber v. JPMorgan Chase Bank, Nat'l Ass'n, No. CV 15-100-SDD-RLB, 2015 WL 5138494, at *3 (M.D. La. Aug. 28, 2015).

### 6. *State Law Claims – Supplemental Jurisdiction under 28 U.S.C. § 1367(a)*

Although Hill does not specifically allege in her Complaint that federal question jurisdiction exists over the additional state law claims by virtue of RESPA or any other basis, federal supplemental jurisdiction is only considered "in any civil action of which the district courts have original jurisdiction" and where "all other claims . . . are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).

Here, as Hill has not established that this Court has original jurisdiction over any of her alleged claims, the Court need not address whether it has supplemental jurisdiction over the state law claims set forth in the Complaint.

### IV. CONCLUSION

Hill's Complaint fails to meet the minimal pleading standard to establish subject matter jurisdiction. Therefore, this action is subject to preservice dismissal under 28 U.S.C. § 1915(e)(2) for lack of subject matter jurisdiction. However, on the Court's own motion, Hill shall have 30 days from the date of this Memorandum and Order to file an amended complaint.

IT IS THEREFORE ORDERED:

1. Hill shall have 30 days to file an amended complaint in accordance with this Memorandum and Order. Failure to file an amended complaint within the time specified by the Court will result in the Court dismissing this case without further notice to Hill.

2. In the event Hill files an amended complaint, she shall restate the allegations of the current Complaint, Filing No. 1, and any new allegations. Failure to

consolidate all claims into one document may result in the abandonment of claims. Hill is warned that an amended complaint will supersede, not supplement, her prior pleadings.

    3.    The Court reserves the right to conduct further review of Hill's claims pursuant to 28 U.S.C. § 1915(e)(2) after she addresses the matters set forth in this Memorandum and Order.

    4.    Hill's motion for issuance of summons, Filing No. 4, is denied without prejudice.

    5.    The Clerk's Office is directed to set a pro se case management deadline in this case using the following text: **November 10th, 2022:** Check for amended complaint.

Dated this 11th day of October, 2022.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Court