IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| GLORIA HILL,<br><br>Plaintiff,<br><br>vs.<br><br>U.S. BANK HOME MORTGAGE, JOE VASCO, and 100 YEAR HOMES, INC.,<br><br>Defendants. | 8:22CV299<br><br>MEMORANDUM AND ORDER |

Plaintiff Gloria Hill ("Hill"), proceeding pro se, filed an eleven count Complaint on August 18, 2022 (the "Complaint"). Filing No. 1. Hill was given leave to proceed in forma pauperis. Filing No. 7. On October 11, 2022, the Court conducted an initial review of the Complaint to determine whether summary dismissal was appropriate under 28 U.S.C. § 1915 (the "Initial Review"), and found that the Complaint contained various deficiencies requiring amendment for her case to proceed. Filing No. 8.

In lieu of summary dismissal, this Court granted Hill leave to amend her Complaint to address the various deficiencies discussed in the Initial Review. *Id.* In response, Hill timely filed a document this Court construes as a supplement (the "Supplement"), Filing No. 9, and a signature page to her Supplement, Filing No. 11.

The Court now conducts a further review of Hill's claims pursuant to 28 U.S.C. § 1915(e)(2) as set forth in her Supplement. For the reasons set forth below, this Court

finds that Hill's Complaint continues to be subject to dismissal for failure to adequately allege jurisdiction and for failing to comply with the prior orders of this Court. However, in lieu of dismissal, Hill shall be granted leave to file an amended complaint in compliance with this Memorandum and Order.

## I. SUMMARY OF COMPLAINT

Hill brings various claims relating to the foreclosure of real property owned by Hill (the "Property")[1] against the following three named defendants: U.S. Bank Home Mortgage ("US Bank"), Joe Vasco ("Vasco"), and 100 Year Homes, Inc. ("100 Year"). Filing No. 1. Hill alleges various claims under state and federal law and asserts this Court has subject matter jurisdiction over the dispute both under federal law and in diversity. Id. at CM/ECF p. 1 (citing 28 U.S.C. § 1391(b)(2).)

## II. APPLICABLE STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. See 28 U.S.C. § 1915(e). The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2).

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" Topchian v. JPMorgan Chase Bank, N.A., 760 F.3d 843, 848 (8th Cir. 2014) (quoting Hopkins v. Saunders, 199 F.3d

---

[1] The Property at issue is located at 14622 Mormon Street, Bennington, Nebraska 68007. Filing No. 1 at 2. Hill alleges the Property was improperly sold at a foreclosure sale in 2020, after she was wrongfully evicted by the Defendants via a forceable detainer action in Douglas County, Nebraska. Id. at 3.

968, 973 (8th Cir. 1999)). While "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties," Topchian, 760 F.3d at 849 (internal quotation marks and citations omitted), pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or their complaint shall be dismissed. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 569-70 (2007); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

### III. DISCUSSION

In its Initial Review, this Court found that due to a failure to plead adequate diversity jurisdiction and due to pleading deficiencies relating to federal claims which supported federal jurisdiction, Hill's Complaint was subject to summary dismissal in its entirety unless amended. Filing No. 8 at 12. Specifically, of the eleven counts alleged, this Court found that, although Counts I, II, VII, X, and XI were brought under federal statutes which rendered federal question jurisdiction potentially available, they all required amendment to proceed.[2] The Court also found that the allegations supporting diversity jurisdiction relating to the citizenship of all parties was deficient rendering any state law claims unable to proceed. Id. at 4–7. And, that as Count VI (wrongful and retaliatory eviction under the Declaratory Judgment Act), could not proceed as a stand-alone claim, such a claim cannot supply a jurisdictional basis for her Complaint to proceed. Id. at 8.

---

[2] While Count VIII titled, "Violation of Plaintiff's Civil Rights via Wrongful and Retaliatory Eviction," see Filing No. 1 at 17, is not addressed in the Initial Review, to the extent Plaintiff intended to bring a general civil rights claim under 42 U.S.C. § 1983, her claim would also fail for the same reasons as Claims I and II. See Filing No. 8 at 7–8 (explaining that the allegations in the Complaint do not establish that any Defendant acted under color of state law as required by 42 U.S.C. § 1983). If Plaintiff intended to raise her claim under state law

3

In lieu of summary dismissal, Hill was granted leave to amend her Complaint to correct the deficiencies, with the following specific instructions:

> In the event Hill files an amended complaint, she shall restate the allegations of the current Complaint, and any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims. Hill is warned that an amended complaint will supersede, not supplement, her prior pleadings.

*Id.* at 12–13.

Hill wholly failed to comply. Instead of filing an amended complaint as instructed, Hill filed the Supplement, consisting of eight non-sequential pages taken from seemingly random sections of the twenty-three-page Complaint. Filing No. 9. While the final page of the Supplement, beginning with the heading "PARTIES TO THE ACTION," contains supplemental jurisdictional allegations for each party, there is no indication that these changes were made, and there appear to be no other changes to the complaint aside from those made on the final page.

Only by comparing the language from each page in the Supplement to the corresponding page in the Complaint, was the Court able to locate the changes to the jurisdictional allegations. Further, to determine that the other seven pages of the Supplement were indeed unaltered, this Court had to review each page line by line, comparing the language from each page in the Supplement to the corresponding language in the Complaint to see if any changes were made. And making such a determination was made more difficult as the paragraph numbers in the Supplement are greater by one than the numbers in front of the corresponding identical language in the Complaint, apparently due to an additional line added in her PARTIES TO THE ACTION

section at line 7.  *Compare e.g.* Filing No. 1 at 2 *with* Filing No. 9 at 8 (adding line 7, stating "Diversity jurisdiction has thus been established.").

Because Hill failed to comply with the instructions for amending her complaint in the Memorandum and Order on Initial Review, and because the only changes made to the jurisdictional allegations found in her Supplement are insufficient to support diversity jurisdiction, the Complaint remains subject to summary dismissal for all of the reasons set forth in that same order.  While summary dismissal of the Complaint, even as supplemented, is appropriate, in lieu of dismissal the Court shall allow Plaintiff to amend her Complaint in compliance with the terms of this Memorandum and Order.

### A.  The Federal Claims

Because all of the federal claims that would allow this Court to exercise federal jurisdiction are subject to dismissal unless amended regardless of diversity jurisdiction, and they were not amended, Counts I, II, VII, X and XI all remain subject to dismissal for the reasons set forth in the Initial Review.[3]  Filing No. 8 at 7–11.  As Hill shall be allowed

---

[3] In the Initial Review this Court explained that the following Federal Claims were subject to dismissal unless amended:

1. Count I for Wrongful Foreclosure and Deprivation of Property Interest under 42 U.S.C. § 1983 as Plaintiff failed to allege any defendant acted under color of law, as required under § 1983.

2. Count II for Wrongful Foreclosure and Deprivation of Property Interest under 42 U.S.C. § 1988 as § 1988 does not create an independent federal cause of action for the violation of federal civil rights.

3. Count VII for conspiracy in violation of 42 U.S.C. § 1985(3) and 42 U.S.C. § 1983 as Plaintiff failed to allege any facts in support of her conspiracy claims and failed to allege any defendant acted under color of law.

4. Count X for Unlawful Taking for Foreclosure and Forcible Detainer in Violation of the 5th and 14th Amendments of the United States Constitution as Hill does not allege that the federal government has taken any action in relation to the foreclosure at issue in her Complaint or otherwise establish the involvement of the federal government.

5. Count XI for Violation of the Real Estate Settlement Procedures Act ("RESPA") 12 U.S.C. §§ 2601 et. seq. as Hill failed to comply with Federal Rule of Civil Procedure 8 by

a second chance at amending her Complaint, she may choose to amend her Federal Claims. Hill is, however, warned that a failure to amend her Federal Claims or otherwise address them shall result in their dismissal.

**B. Diversity Jurisdiction**

On Initial Review of the Complaint this Court found that Plaintiff's jurisdictional allegations were deficient, failing to adequately allege the citizenship of any of the parties as required to proceed 28 U.S.C. § 1332. Filing No. 8 at 4–7. This is of some consequence as if upon amendment, Hill remains unable to proceed on any of her Federal Claims, the citizenship of each of the parties must be adequately alleged and found to support diversity jurisdiction in order to avoid otherwise likely dismissal of the suit in its entirety.[4]

While the Court previously provided very specific details regarding Plaintiff's pleading deficiencies and what the law requires to establish citizenship for Hill, and the defendants (consisting of an individual, a corporation, and a national banking institution), *see* Filing No. 8 at 4–7, the importance of citizenship allegations cannot be understated in a case such as this one where federal jurisdiction is either not alleged or not likely.

---

providing no factual detail in support of her claim and instead merely parroting statutory language relating to the claim.

*See* Filing No. 8 at 7–11. Count VI was found unavailable to supply independent federal jurisdiction. *Id.* at 8.

[4] Absent proceeding in diversity, this Court's subject-matter jurisdiction is based on 28 U.S.C. § 1331, with supplemental jurisdiction over state law claims under 28 U.S.C. § 1367. "The district court[ ] may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction[.]" 28 U.S.C. § 1367(c). Therefore, if all Hill's federal claims over which this Court purportedly has original jurisdiction are dismissed, the Court shall decline to exercise supplemental jurisdiction over Hill's state law claims and they too will be dismissed absent Hill establishing diversity jurisdiction.

6

The "'threshold requirement in every federal case is jurisdiction.'" *Barclay Square Properties v. Midwest Fed. Sav. & Loan Ass'n of Minneapolis*, 893 F.2d 968, 969 (8th Cir. 1990) (quoting *Sanders v. Clemco Indus.,* 823 F.2d 214, 216 (8th Cir.1987)). As such, before the merits of a matter can be addressed, the Court must establish it has subject matter jurisdiction over the dispute. *Id.*

The Eighth Circuit has admonished district courts to "be attentive to a satisfaction of jurisdictional requirements in all cases." *Sanders*, 823 F.2d at 216. Diversity jurisdiction under 28 U.S.C. § 1332 requires an amount in controversy greater than $75,000 and complete diversity of citizenship among the litigants. 28 U.S.C. § 1332(a). While Hill seeks damages exceeding $75,000, her Complaint still fails to adequately allege the citizenship of any of the parties but potentially one, even after her apparent attempt to address the Complaint's noted deficiencies.

Hill's own citizenship allegations were deficient. Filing No. 8 at 4–5. Pointing to Hill's allegations in her Complaint that she is currently a *resident* of California and was previously a *resident* of Nebraska, on Initial Review this Court noted that allegations of domicile, not residence, are necessary for establishing an individual's citizenship. *Id.* at 4 (emphasis added). The Court then discussed the difference between domicile and residence, reiterating the test the Court must undertake when determining individual citizenship for diversity jurisdiction purposes, and indicating that Hill must amend her Complaint accordingly. *Id.* at 4–5.

Turning to individual defendant Vasco, this Court noted that Hill failed to allege any facts at all related to Vasco's domicile, and again pointed to the citizenship pleading requirements for individuals as discussed in relation to Hill's personal citizenship

deficiencies. *Id.* at 6. Concerning defendant US Bank, this Court noted that Hill failed to address where US Bank's main office was located as required to establish citizenship for a national banking association. *Id.* at 5–6. As to defendant 100 Year, which Hill alleges is a for-profit corporation, this Court explained that Hill failed to allege where 100 Year is incorporated or where its principal place of business is located as is required to establish corporate citizenship. *Id.* at 6.

In her Supplement, Hill alleges she is a "*resident* of the State of California" and has been a resident of California for "several years," omitting her reference to her previous residency in Nebraska. Filing No. 9 at 8. Regarding Vasco, her supplemented allegation states that Vasco is a *resident* of Nebraska and lists an address where he is believed by Hill to currently reside. *Id.* (emphasis added). Both allegations remain deficient as Hill continues to address residency instead of domicile.

As discussed in the Initial Review, residency is not the same as domicile for purposes of establishing citizenship to support diversity jurisdiction. Filing No. 8 at 5 (citing *Jones v. Hadican*, 552 F.2d 249, 250 (8th Cir. 1977); *Brunk v. Graybar Elec. Co. Inc.*, 713 F.Supp.2d 814, 817 n.3 (S.D. Iowa 2010)). Again, the test for determining citizenship of an individual consists of two-parts: allegations that a party is present in the purported state of domicile and that he or she intends to remain there indefinitely. *Id.* (citing *Sheehan v. Gustafson*, 967 F.2d 1214, 1215 (8th Cir. 1992)). However, even after having been apprised of the difference between domicile and residency in great detail and why her allegation of her own California residency did not suffice to establish her citizenship, *see id.* (explaining that "[Hill's] allegation that she is currently a resident of California is indicative of her presence in California but does not establish her intent to

8

remain there indefinitely"), Hill simply removed the language stating that she had previously been a resident of Nebraska from the Complaint and added language that "Plaintiff has been a resident of the State of California for several years," to her Supplement without using the word domicile or stating that she intended to remain in California indefinitely. *Compare* Filing No. 1 at 2 *with* Filing No. 9 at 8.

In her Supplement, Hill provided a Nebraska address as defendant Vasco's "residence." Filing No. 9 at 8. While the Court notes that it is less likely that Hill would, with any certainty, know of Vasco's intent to remain in Nebraska indefinitely, it does not go unnoticed that Hill chose to continue to use the word "resident" and not the term domicile, even after being instructed domicile is the appropriate term. Ultimately, in both cases while Hill may have intended to allege domicile when she used the term resident, "subject matter jurisdiction cannot be based on speculation" by a reviewing court. *Star Ins. Co. v. Trinity Prop. Mgmt.*, LLC, No. 2:20-CV-02160, 2021 WL 6752262, at *1 (W.D. Ark. Jan. 15, 2021).

As to defendant 100 Year, which Plaintiff alleges is a for-profit corporation, Hill failed to allege where 100 Year is incorporated or where its principal place of business is located in her Complaint, *see* Filing No. 8 at 6, and failed to do so yet again when supplementing. In her Supplement, Hill alleged only that defendant 100 Year is "headquartered in Nebraska and is owned and operated by Vasco" from Vasco's address in Nebraska without any mention of where 100 Year is incorporated. Filing No. 9 at 8. This is simply not enough.

"Where the plaintiff fails to state the place of incorporation or the principal place of business of a corporate party, the pleadings are inadequate to establish diversity."

9

*Sanders*, 823 F.2d at 216 (quotation marks omitted). While arguably Hill intended to allege 100 Year's principal place of business was at the address listed as Vasco's residence in Nebraska, Plaintiff makes no attempt at alleging where 100 Year is incorporated, and again, this Court may not speculate. *Trinity Prop. Mgmt.*, 2021 WL 6752262, at *1. While the state of incorporation is generally easily ascertained, as in most states a corporation is required to register in the location they are incorporated and such registries are easily searched, *see Raphael v. 18 Rest., Inc.*, 954 F. Supp. 549, 552 (E.D.N.Y. 1996) (discussing the ease in which the state of incorporation is generally found), it is not this Court's duty to find such information on its own.

Indeed, in all of Hill's attempts at establishing citizenship in her Supplement, she came the closest in relation to defendant U.S. Bank, but still failed to use the appropriate terms for doing so. In her Supplement, Hill alleged that U.S. Bank is *headquartered* in Ohio, whereas in her Complaint she only alleged that U.S. Bank was "licensed to conduct ordinary business" in Nebraska. *Compare* Filing No. 1 at 2 *with* Filing No. 9 at 8 (emphasis added). However, as this Court previously noted, the citizenship of a national bank is a determined by where its *main office* is located, as set forth in its articles of association. *Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303 (2006) (emphasis added). "[T]he test for determining the domicile of a national bank for purposes of diversity jurisdiction is its 'main office[,]' which may or may not be synonymous with 'headquarters.'" *See Blount v. TD Bank, N.A.*, No. 120CV18805NLHMJS, 2023 WL 4621881, at *1, n. 1 (D.N.J. July 19, 2023), reconsideration denied, No. 120CV18805NLHMJS, 2023 WL 7403603 (D.N.J. Nov. 9, 2023).

Ultimately, while Hill's jurisdictional allegations regarding US Bank likely suffice, the remainder of her allegations do not. And, because the only claims that currently may survive from the Complaint are Hill's state law claims, it is current state as Hill has not adequately pleaded diversity jurisdiction, this Court must dismiss her Complaint in its entirely for lack of jurisdiction. As such, to allow Hill an opportunity to proceed, this Court grants leave for Hill to file a second amended complaint.

**Hill is reminded that an amended complaint will supersede, not supplement, the previously filed Complaint and Supplement. Hill must file an amended complaint including all of the claims she wishes to pursue against all of the individuals and entities named as defendants as previously set forth in the Complaint, <u>without relying upon or incorporating by reference any allegations made in the original Complaint and Supplement</u>. Put another way, Hill must file an entirely new document containing the names of all parties and sufficient allegations establishing each party's citizenship, restating the allegations of the current Complaint, as well as any new facts and/or new claims, including "sufficient factual matter to state a claim for relief" under whichever cause or causes of action she may elect to pursue. A failure to consolidate all claims into one document may result in the abandonment of her claims and the dismissal of the case.**

**Finally, while this Court does not require perfect organizational skills or a certain format when filing an amended complaint, any attempt at amendment should not replicate the disorganized and almost wholly incoherent quality of Hill's Supplement. Hill is warned that any clear failure to comply with this Memorandum**

**and Order shall result in the striking of the Amended Complaint and dismissal of this case.**

IT IS THEREFORE ORDERED:

1. Hill shall have through and until **November 7, 2024**, to file an amended complaint in accordance with this Memorandum and Order. Failure to file an amended complaint within the time specified by the Court will result in the Court dismissing this case without further notice to Hill.

2. The Court reserves the right to conduct further review of Hill's claims pursuant to 28 U.S.C. § 1915(e)(2) after she addresses the matters set forth in this Memorandum and Order.

3. The Clerk's Office is directed to set a pro se case management deadline in this case using the following text: **November 7, 2024:** Check for amended complaint.

Dated this 8th day of October, 2024.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Court