IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| GLORIA HILL, | |
| Plaintiff, | **8:22CV299** |
| vs. | |
| U.S. BANK HOME MORTGAGE, JOE VASCO, and 100 YEAR HOMES, INC., | **MEMORANDUM AND ORDER** |
| Defendants. | |

Plaintiff Gloria Hill ("Hill"), a non-prisoner, filed her Complaint on August 18, 2022 (the "Initial Complaint"). Filing No. 1. Hill was given leave to proceed in forma pauperis. Filing No. 7.

The Court then conducted an initial review of Hill's pro se Initial Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915. Filing No. 8. Finding that Hill failed to adequately assert a jurisdictional basis under which this Court could proceed, Hill was granted leave to amend her Initial Complaint to cure the jurisdictional deficiencies in lieu of dismissal. Filing No. 8.

In response Hill filed a document this Court construed as a supplement (the "Supplement"), Filing No. 9. The Court then conducted a further review of Hill's claims pursuant to 28 U.S.C. § 1915(e)(2), finding that her Supplement did not cure the jurisdictional deficiencies in her Initial Complaint, and that her case continued to be

subject to dismissal both due inadequately alleging jurisdiction and for failing to comply with the prior orders of this Court. *Id.* In lieu of dismissal Hill was again granted leave to file an amended complaint. *Id.*

Hill complied, filing an amended complaint[1] on November 5, 2024 (the "Amended Complaint"). Filing No. 13. The Court now conducts an initial review of the Amended Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915, finding that it is, as while Hill has adequately pleaded a jurisdictional basis, the remainder of Hill's claims contain pleading deficiencies which must be cured for this case to proceed. For the reasons that follow, Count VIII of the Amended Complaint alleging a claim of unlawful/wrongful eviction shall be dismissed without prejudice. The Court shall, sua sponte, grant Hill leave to file a second amended complaint to amend her remaining Counts in compliance with the terms of this Memorandum and Order.

## I.  SUMMARY OF COMPLAINT

The underlying facts supporting Hill's Amended Complaint remain unchanged from her Initial Complaint. Hill asserts various claims against defendants U.S. Bank Home Mortgage ("US Bank"), Joe Vasco ("Vasco"), and 100 Year Homes, Inc. ("100 Year") under both state and federal law, arising from a foreclosure sale of real property purchased by Hill on or about January 10, 2019.[2] Hill alleges that in order to purchase the Property she obtained a mortgage from US Bank (the "Mortgage"), and that although

---

[1] The Court notes that while Hill titles her amended complaint as a "second amended complaint," *see* Filing No. 13 at 1, as previously noted in this Court's October 8, 2024, Memorandum and Order, the document she filed as her first amended complaint was simply 8 nonconsecutive pages apparently taken from her Initial Complaint and did not constitute an amendment and instead was construed as a supplement, *see* Filing No. 12 at 4.

[2] The property at issue is located at 14622 Mormon Street, Bennington, Nebraska 68007 (the "Property"). Filing No. 13 at 2.

she always made timely payments, in December 2019, Defendants[3] alleged Hill was delinquent on payments under the Mortgage. Filing No. 13 at 3. From December 2019 until the "present" Hill alleges that she continued to receive "harassing communications" from "Defendants" including late payment notices. *Id.* And, on January 28, 2020, Defendants filed a forcible detainer action against Hill in Douglas County.

Eventually, although Hill alleges she did not receive a notice of default or any notice of a pending foreclosure sale, the Property was ultimately sold at a foreclosure sale and Hill was evicted from the Property in 2020. *Id.* at 4. Hill argues that the "Defendants did not have an equitable right to foreclose on the [Property] because Defendants have failed to perfect any security interest in the [Property] collateral and cannot prove they had a valid interest as a real party in interest to the underlying Deed of Trust." *Id.* Hill argues because of the lack of security interest, the Defendants did not have the "power of sale, or power to foreclose judicially or non-judicially." *Id.* She also appears to allege that at some point the "Mortgage or Deed of Trust" was assigned, but there is no indication to whom it was assigned, or when, or how the alleged assignment relates to the dispute. *Id.* at 6.

Hill alleges this Court has subject matter jurisdiction over the dispute in diversity because Hill's state citizenship is different from any of the defendants, and as the amount in controversy exceeds $75,000. *Id.* at 1–3.

---

[3] It is unclear to this Court if Hill's reference to "Defendants" is to all defendants or one or more of the three named defendants. This issue persists throughout the Amended Complaint, and as discussed further herein, requires amendment for any of Hill's claims to proceed.

Hill raises the following claims in her Amended Complaint against all defendants unless otherwise noted:[4]

Claim I:       "Violation of civil rights – wrongful foreclosure, deprivation of property interest (Fourteenth Amendment to the United States Constitution).

Claim II:      "Violation of civil rights – retaliatory and wrongful eviction, deprivation of property interest."

Claim III:     "Unconsionable [sic] contract," against US Bank.

Claim IV:      "Quiet title."

Claim V:       Infliction of emotional distress.

Claim VI:      Declaratory relief under 28 U.S.C. §2201.

Claim VII:     Violation of civil rights "via wrongful and retaliatory eviction."

Claim VIII:    Unlawful wrongful eviction.

Claim IX:      Violation of Constitutional Rights – Unlawful taking via illegally performed foreclosure and forcible detainer (United States Constitution, [Fifth] and [Fourteenth] Amendments).

Claim X:       Violation of Real Estate Settlement Procedures Act ("RESPA") 12 U.S.C. §§ 2601–2617).

*Id.* at 4–20.

## II. APPLICABLE STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e).  The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).

---

[4] The Court notes that Hill also specifically notes "against all defendants" immediately following some of her claims but does not indicate who she seeks to sue under others.  *See* Filing No. 13 at 4–20.

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). While "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties," *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted), pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or their complaint shall be dismissed. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

## III.  DISCUSSION

### A.  Jurisdiction

Diversity jurisdiction applies to actions between "(1) citizens of different States; (2) citizens of a State and citizens or subjects of a foreign state . . . ; (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and (4) a foreign state . . . as plaintiff and citizens of a State or of different States." 28 U.S.C. § 1332(a). The Court cannot exercise diversity jurisdiction over a matter "unless *each* defendant is a citizen of a different State from *each* plaintiff." *Owen Equip. & Erection Co. v. Kroger,* 437 U.S. 365, 373 (1978).

In her Amended Complaint, Hill alleges she is a citizen of California, Defendant US Bank is a national banking association incorporated in Delaware with its main office in

Ohio, Defendant Vasco is believed to be a citizen of Nebraska, and Defendant 100 Year is a corporation both incorporated and headquartered in Nebraska. Filing No. 13 at 2–3. As Hill sufficiently alleges diversity jurisdiction the Court may proceed to review the substance of her claims.

**B. Discussion of Claims**

Upon initial review this Court found that all of Plaintiff's federal claims contained in Counts I, II, VIII, X and XI of the Initial Complaint were subject to dismissal.[5] Filing No. 8 at 7–11. Upon review of the Amended Complaint, in large part due to a lack of necessary or intelligible factual allegations, Hill's Amended Complaint is subject to dismissal in its entirety without further amendment.

As an initial matter, and ultimately most importantly for determining whether any of Hill's claims may proceed, while Hill names US Bank, Vasco and 100 Year as defendants, there are no allegations in the Amended Complaint indicating which defendant did what or when. In fact, it is wholly unclear to this Court how defendants Vasco or 100 Year were involved in Hill's case at all as aside from naming them as defendants Hill never references either of them individually, consistently referring to "Defendants" collectively throughout her Amended Complaint.

Federal Rule of Civil Procedure 8 requires that every complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and that "each allegation . . . be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1). A complaint must state enough to "'give the defendant fair notice of what the . . . claim is

---

[5] The Court previously abstained from reviewing Hill's state law claims due to lack of jurisdiction over the matter. Filing No. 8 at 12. As such those claims shall be reviewed here for the first time.

and the grounds upon which it rests.'" *Erickson v. Pardus,* 551 U.S. 89, 93 (2007) (quoting *Twombly,* 550 U.S. at 555).

Here, as pleaded, Hill's Amended Complaint wholly fails to meet this minimal pleading standard. For example, while Hill alleges "Defendants" wrongfully instituted a foreclosure sale of her Property, the Court is unable to ascertain any connection between that general allegation and any of named defendants, nor can it be determined how or when any alleged violative incident took place, or any detail of the resulting harm. To reiterate, the Court is unable to determine which of the named defendants were involved in any of Plaintiff's claims because Plaintiff does not allege any specific violations or connect the alleged violations with specific defendants, nor does she connect the specific relief sought with any of the named defendants.

To illustrate the severe lack in necessary allegations, as a threshold matter, this Court is unable to determine how either defendant Vasco or 100 Year is involved in this matter at all, nevertheless understand how the foreclosure sale took place. And, as Hill makes only vague references to a power of sale clause and a Mortgage and/or deed of trust but there is no indication in the record which defendant(s) instituted the foreclosure sale, the basis under which they proceeded (e.g. a clause in the Mortgage), the nature of the foreclosure proceedings (e.g. a judicial or non-judicial foreclosure), or when the foreclosure and subsequent eviction of Hill from the property took place, it is impossible to tell if any of Hill's claims may proceed.

With these deficiencies in mind the Court reviews each of the Counts in the Amended Complaint.

**1. *Counts I, II and VII – "civil rights" violations***

In Counts I and II of the Initial Complaint Hill brought civil rights claims against "Defendants" under 42 U.S.C. § 1983 and 42 U.S.C. § 1988, alleging "violation of civil rights" via an alleged deprivation of her interest in the Property through "wrongful foreclosure" and "retaliatory and wrongful eviction" under the Fourteenth Amendment, Filing No. 1 at 3, 6, which Hill has made minor changes to in her Amended Complaint, Filing No. 13 at 4–9.  While Counts I and II of the Initial Complaint were originally brought pursuant to 42 U.S.C. §§ 1983 and 1988, both Counts I and II in the Amended Complaint omit the reference to Sections 1983 and 1988 but are otherwise identical to each other reading: "Violation of civil rights – wrongful foreclosure, deprivation of property interest (Fourteenth Amendment to the United States Constitution)" and "Violation of civil rights – retaliatory and wrongful eviction, deprivation of property interest," respectively.  Filing No. 13 at 4–9.

Hill also reasserts a third "violation of civil rights" claim in Count VII of the Amended Complaint (which is also nearly identical to Count VIII of the Initial Complaint), alleging a civil rights violation "via wrongful and retaliatory eviction."  *Compare* Filing No. 1 at 17–19 *with* Filing No. 13 at 15–16.  Ultimately, these minor changes do not salvage Counts I, II, or VII.

As previously noted, "[t]o state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law."  Filing No. 8 at 7 (citing *West v. Atkins*, 487

U.S. 42, 48 (1988)). While Hill's omission of 42 U.S.C. § 1988 is appropriate,[6] her deletion of the reference to Section 1983 from the title of Counts I and II does not render Section 1983 inapplicable.

> The constitutional requirement of due process, as secured by the Fourteenth Amendment, applies to garnishment and prejudgment attachment procedures *whenever officers of the state act jointly* with a creditor in securing the property in dispute; moreover, private use of challenged state procedures *with the help of state officials* constitutes state action under the fourteenth amendment, and that conduct also is action under color of state law such that suit may be brought against the private party under 42 U.S.C. § 1983. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 932–33 [ ] (1982).

*Woodring v. Jennings State Bank*, 603 F. Supp. 1060, 1066 (D. Neb. 1985) (emphasis added). As such, Section 1983 applies to any of Hill's "civil rights" claims brought under the Fourteenth Amendment whether she specifically lists Section 1983 as her basis for the claim or not.

Moreover, as previously noted, Hill's federal "civil rights" claims seeking damages may only proceed if a defendant was acting "under color of law." *See* Filing No. 8 at 7–8. Hill now alleges the "Defendants" were acting under color of law by utilizing the state courts to foreclose on and remove Plaintiff from the property. *See* Filing No. 13 at 8. The use of state courts by private individuals is not, however, acting under color of law for purposes of 42 U.S.C. § 1983. *Ponzar v. Layfield*, No. 4:12CV2219 CDP, 2014 WL 12102165, at *2 (E.D. Mo. Jan. 22, 2014) (plaintiff could not establish "color of law" under § 1983 for claims against private individuals based solely on their use of state judicial process).

---

[6] Upon initial review this Court previously found that as Section 1988 does not create an independent federal cause of action for the violation of federal civil rights, any claims brought under Section 1988 must be dismissed. Filing No. 8 at 8 (citing *Stagemeyer v. Cty. of Dawson, NE.*, 205 F. Supp. 2d 1107, 1115 (D. Neb. 2002)).

Finally, due to the pleading deficiencies already noted, while it appears unlikely, it is impossible for this Court to affirmatively determine if any of the defendants acted under color of law nevertheless how each defendant potentially violated Hill's "civil rights."

As Hill has failed to allege any of the defendants acted under color of law and due to the pleading deficiencies already noted, Counts I, II and VII of the Amended Complaint are subject to dismissal for failure to state a claim under which relief may be granted.

### 2. *Count IX – takings clause violations*

Count IX of the Amended Complaint is also substantively identical to the former Count X of the Initial Complaint, alleging "Violation of Constitutional Rights – Unlawful taking via illegally performed foreclosure and forcible detainer (United States Constitution, [Fifth] and [Fourteenth] Amendments). *Compare* Filing No. 1 at 20–21 *with* Filing No. 13 at 18–19. Although not explicitly stated, as in this Count Hill also references the takings clause of the Nebraska Constitution, this Court construes Count IX as alleging a takings clause violation under both the United States and Nebraska Constitutions.

To the extent Hill seeks relief under the "takings clause" of the United States Constitution, for the reasons set forth previously, *see* Filing No. 8 at 10–11, Count IX must also be dismissed for failure to state a claim on which relief may be granted. The inclusion of the Nebraska Constitution's takings clause as an avenue of relief is of no assistance.

The "Nebraska's constitutional right to compensation includes just compensation where property has been 'taken or damaged' in the exercise of eminent domain, whereas the federal Constitution is limited to property that has been 'taken.'" *Henderson v. City of Columbus*, 827 N.W.2d 486, 493 (Neb. 2013). However, as Hill does not allege the

foreclosure proceedings at issue resulted from an eminent domain action, the Nebraska Constitution's takings clause also does not apply.

For these reasons, Count IX as pleaded both under the United States and Nebraska Constitutions is subject to dismissal without prejudice for failure to state a claim on which relief may be granted.

### 3. *Count X – RESPA violations*

Count X of the Amended Complaint is also largely similar to the former Count XI of the Initial Complaint, alleging a violation of RESPA, 12 U.S.C. §§ 2601 et. seq. *Compare* Filing No. 1 at 21–23 *with* Filing No. 13 at 19–20.    In finding her RESPA claim in her Initial Complaint could not proceed, this Court explained that while Hill relies on the definition of a qualified written request ("QWR"), and the loan servicer's requirements under RESPA to support her contention that Defendants failed to respond to a QWR that "communicated her disagreement with the alleged default," her allegations were woefully deficient.  Specifically, this Court noted Hill alleged no detail about the contents of the alleged QWR(s), the particulars of which defendant(s) any QWRs were sent to or when, or if and how many (if more than one) was sent, rendering it impossible to determine if any of the defendants had failed to comply with RESPA.  Filing No. 8 at 11 (citing Filing No. 1 at 21–22).

In support of her amended RESPA count, Hill provides only the following additional facts: "To date, Plaintiff has not received any response to her QWR's.  Defendants have failed to respond to Plaintiff's QWR's."  Filing No. 13 at 22.  She then concludes that her "contest of the foreclosure and alleged default on the loan were qualified QWRs." Filing No. 13 at 19.  This is not enough.

"Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.  "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)(2)).

Here, Hill cites to 12 U.S.C. § 2605(e), which governs the duty of "loan servicers" to respond to borrower inquiries.  However, it is unclear to this Court which if any of the named defendants qualify as a loan servicer as Hill never indicates which, if any, defendant serviced her loan.  Moreover, § 2605(e) defines a QWR including the specific information which must be contained within it, and the response timeline for both borrowers and loan servicers, but Hill's factual amendments do not provide any detail that would allow this Court to determine when Hill sent the alleged QWR(s) or the nature of the communications contained within them.  While Hill cites to RESPA and concludes her undescribed communications to undescribed defendants meet the definition of QWRs, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678; *see also Parsons v. McCann*, 138 F. Supp. 3d 1086, 1097 (D. Neb. 2015) (holding plaintiff's allegations were insufficient to show the existence of a municipal "custom").

As such, Count X of the Amended Complaint as currently pleaded is subject to dismissal without prejudice for failure to state a claim on which relief may be granted.

### 4. *Unconscionable contract against US Bank*

Under Nebraska law, the unconscionability of a contract provision in this context means manifestly unfair or inequitable. *See Myers v. Nebraska Invest. Council*, 724 N.W.2d 776 (Neb. 2006). A contract can be either procedurally or substantively unconscionable, with substantive unconscionability involving cases "'where a clause or term in the contract is alleged to be one-sided or overly harsh, while procedural unconscionability relates to impropriety during the process of forming a contract.'" *Adams v. American Cyanamid Co.*, 498 N.W.2d 577, 590 (Neb. App. 1992) (quoting *Schroeder v. Fageol Motors*, 86 Wash.2d 256, 544 P.2d 20 (1975)). Of note, both procedural and substantive unconscionability relate to the formation of a contract, not its enforcement.

Here, it does not appear Hill alleges procedural unconscionability as she does not allege there was a specific term in her contract with US Bank that was one-sided or harsh. While she does indicate there was something about her Mortgage (or other loan documents) entered into with US Bank that she did not understand, it is unclear what she did not understand or why this lack of understanding resulted in an unconscionable procedure. It also does not appear that Hill alleges substantive unconscionability as her claims against US Bank arise from their enforcement of the loan between Hill and US Bank (the "Loan") which "resulted in [Hill] being forced, tricked, and misled into parting with their property." *See* Filing No. 13 at 10. While Hill also alleges that US Bank "concealed they were financially benefitting by bargaining with a third party to acquire a service release premium via wire funds transfer to table fund the purported loan at the closing using a warehouse line of credit," it appears Hill's claims relate to the enforcement

of the agreement with US Bank and not its formation to which contract unconscionability does not apply.

To that extent, Count III as pleaded is subject to dismissal without prejudice for failure to state a claim on which relief may be granted.

### 5.  *Count VIII – Unlawful/wrongful eviction*

In Count VIII, Hill brings what she contends is a wrongful eviction claim, seeking a determination of Hill's right to possession of the Property.  In Nebraska, such a claim is a forcible entry and detainer action, which does not try the question of title, but only the immediate right of possession. *Homebuyers Inc. v. Watkins*, No. A-18-258, 2019 WL 2361760, at *4 (Neb. Ct. App. June 4, 2019).  However, "[i]f the resolution of a forcible entry and detainer action requires a court to determine a title dispute, the court must dismiss the case for lack of jurisdiction." *Id.* (citing *Federal Nat. Mortgage Assn. v. Marcuzzo*, 854 N.W.2d 774 (Neb. 2014); Neb. Rev. Stat. § 25-21,219 (Reissue 2016)).

Here, as Hill's forcible detainer action is reliant upon the resolution of the currently disputed title to the Property, and as she herself alleges that issue has not been resolved, her Count VIII claim cannot proceed until resolution of the Property's title is concluded. Therefore, as amendment of this claim would be futile prior to title resolution, Count VIII must be dismissed without prejudice.

### 6.  *Count I and IV – State law wrongful foreclosure and action to quiet title*

While Hill in Count IV seeks an action to quiet title, she appears to do so via her federal "civil rights" wrongful foreclosure allegations in Count I. Filing No. 13 at 11.  While Hill only formally alleges a federal wrongful foreclosure claim in Count I, Hill references state law when addressing the setting aside of a foreclosure sale done pursuant to a

14

power of sale clause in a deed of trust in Count I. *See Id.* at 6 (citing *Gilroy v. Ryberg, 667 N.W.2d 544, 553 (Neb. 2003)*). As Hill's Count IV quiet title claim relies on the alleged wrongful foreclosure (which Hill asserts has resulted in an actual controversy between Hill and all defendants "as to who has the legal and equitable right to assert an interest in the [Property]"), *id.* at 11, this Court construes Hill as intending to bring a state law wrongful foreclosure claim in conjunction with her action to quiet title. However, the facts as alleged are too deficient for any wrongful foreclosure or action to quiet title to proceed.

> The Nebraska Trust Deeds Act, Neb. Rev. Stat. § 76-1001 et seq. (Reissue 2018), authorizes a trust deed to be used as a security device and provides that real property can be conveyed by trust deed to a trustee as a means to secure the performance of an obligation. *First Nat. Bank of Omaha v. Davey*, 285 Neb. 835, 830 N.W.2d 63 (2013). See, also, § 76-1002(1). The Trust Deeds Act allows a trust deed to expressly confer upon a trustee the power of sale. See § 76-1005.

> . . .

> Although the Trust Deeds Act does not provide a remedy for a defective trustee's sale, the trustor can sue in equity to set the sale aside. *Gilroy v. Ryberg*, 266 Neb. 617, 667 N.W.2d 544 (2003). See, also, *Klein v. Oakland/Red Oak Holdings*, 294 Neb. 535, 883 N.W.2d 699 (2016). Defects in a trustee's sale conducted under a power of sale in a trust deed fall into one of three categories: (1) those that render the sale void, (2) those that render the sale voidable, and (3) those that are inconsequential. *Gilroy, supra*.

> When a trustee's sale is void, no title, legal or equitable, passes to the sale purchaser or subsequent grantees. *Id.* In other words, adversely affected parties may have the sale set aside even though the property has passed into the hands of a bona fide purchaser. *Id.* Defects that render a trustee's sale void are rare and generally occur when the trustee conducted the sale, but no right to exercise the power of sale existed. *Id.* Typical examples include situations when (1) no default on the underlying obligation has occurred, (2) the trust deed is a forgery, and (3) the trust deed requires the beneficiary to request that the trustee commence foreclosure proceedings and no request has been made. *Id.* Further, even if there is a right to exercise the power of sale, an egregious failure to comply with fundamental procedural requirements while exercising the power of sale will render the sale void. *Id.*

*Homebuyers Inc. v. Watkins*, No. A-18-258, 2019 WL 2361760, at *6 (Neb. Ct. App. June 4, 2019).

As an initial matter, is unclear whether the sale of the Property may be void or voidable because, as previously noted, Hill does not allege any facts describing the nature of the power of sale clause in the Deed of Trust or Mortgage or any specifics regarding the sale at issue and instead simply concluded the Property was wrongfully sold by "Defendants" who lacked the authority to do so.   Hill alleges she purchased the Property via obtaining a mortgage from US Bank and that even though she made timely payments under the mortgage that beginning in December of 2019 "Defendants alleged that Plaintiff was delinquent in the payment of her mortgage payments" and that the Property was wrongfully sold via a foreclosure sale without appropriate legal notice.  *Id.* at 2.

Cobbling together Hill's allegations throughout the Amended Complaint it appears that Hill claims that "Defendants" foreclosed on the Property pursuant to a "deed of trust or mortgage" that presumably contained a power of sale clause after Hill had received "numerous harassing communications" from "Defendants" including notification that she was delinquent in her payments under the US Bank mortgage.  Filing No. 13 at 3.  Hill then concludes that "Defendants did not have an equitable right to foreclose on the subject property because Defendants have failed to perfect any security interest in the subject property collateral and cannot prove they had a valid interest as a real party in interest to the underlying Deed of Trust."  *Id.* at 4.

While Hill alleges she was not in default under the mortgage, and that the Property was wrongfully foreclosed upon, she provides no information regarding the power of sale clause under which the foreclosure proceedings allegedly took place, or any reference to

16

the relevant section of the mortgage for this Court to review.  Nor does she attach or otherwise provide any information about the dates of the sale, what process she received prior to the sale, or what process she was entitled to.  As such, Hill has not shown or otherwise alleged anything other than conclusions that defects in the Property's sale render the sale void or voidable.  Thus, as pleaded, any state law cause of action Hill intended to assert for wrongful foreclosure in Count I does not state a claim upon which relief can be granted and should be dismissed.

To the extent Hill seeks to quiet title to the property in Count IV under Neb. Rev. Stat. § 25-21,112 (Reissue 2016), her allegations are also insufficient.  Section § 25-21,112 provides:

> An action may be brought and prosecuted to final decree, judgment or order, by any person or persons, whether in actual possession or not, claiming title to, or an estate in real estate against any person or persons who claim, or apparently have an adverse estate or interest therein, for the purpose of determining such estate, or interest, canceling unenforceable liens, or claims against, or which appear to be against said real estate, and quieting the title to real estate.

In order to proceed with a quiet title action a moving party must claim an interest in the property at issue and must bring their quiet title action against the party or parties claiming an adverse interest in the property.  Watkins, 2019 WL 2361760, at *8.  Here, while Hill claims an interest in the Property it is entirely unclear which defendant or defendants also retains an interest in the Property now, if any.  The Court presumes that title to the Property is no longer held by any of the Defendants as Hill alleges Defendants had no right to sell the Property "to the highest bidder" following foreclosure, indicating whatever defendant or defendants had a potential right in the Property following the foreclosure sale, they have now passed any legal interest in the Property they may have

17

had onto an unnamed buyer. Filing No. 13 at 6. If so, where a property has been foreclosed upon via power of sale clause by a mortgage holder, and then the mortgage holder's interest is subsequently sold to a bona fide purchaser, it is the bona fide purchaser who holds adverse title and not the mortgage holder, making that buyer the appropriate party to a quiet title action. *Id.*

As pleaded it appears that none of the named defendants now hold title to the Property, therefore any quiet title action against them is subject to dismissal without prejudice for failure to state a claim on which relief may be granted.

### 7. *Count V – Intentional infliction of emotional distress*

In Nebraska to recover for intentional infliction of emotional distress, a plaintiff must prove:

> (1) intentional or reckless conduct (2) that was so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency and is to be regarded as atrocious and utterly intolerable in a civilized community and (3) that the conduct caused emotional distress so severe that no reasonable person should be expected to endure it.

*Roth v. Wiese*, 716 N.W.2d 419, 431 (Neb. 2006) (citing *Brandon v. County of Richardson*, 261 Neb. 636 (Neb. 2001)).

Before addressing the question of whether Defendant's conduct was so outrageous in character and extreme in degree as to be actionable, the Court must identify the specific conduct in question. *Id.* However, because it is unclear which defendant or defendants instituted the foreclosure action resulting in the foreclosure of the Property and Hill's eviction, it is impossible for this Court to determine how each defendant is involved nevertheless their intent. Moreover, because the majority of the facts surrounding the foreclosure including when, where, and how the foreclosure took

place, and the terms of the mortgage and/or deed of trust at issue, are unknown, this Court cannot determine if any of the defendant's conduct was outrageous or extreme.

Therefore, similar to the state-law wrongful foreclosure claim construed by this Court in conjunction with the action to quiet title as set forth in Counts I and IV, as pleaded there are not enough facts alleged to support the intentional infliction of emotional distress alleged in Count V. As such, as pleaded Count V is also subject to dismissal for failure to state a claim on which relief may be granted.

### 8. *Count VI – Declaratory Judgment*

In Count VI Hill seeks a judicial determination of rights, obligations and interests of the parties under the mortgage, deed of trust, or other note or governing security instrument pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201. Filing No. 13 at 13–14. Hill ultimately seeks a "judicial declaration that the title to the [Property] is vested in [Hill] alone," a declaration that Defendants have no interest, right, or title to the Property, and that Defendants are forever enjoined from asserting any right, title, or interest to or in the Property. *Id.* at 14.

However, this Court is unable to make such a determination for the same reasons Hill's wrongful foreclosure and intentional infliction of emotional distress allegations are insufficient. Therefore, as pleaded, the relief sought in Count VI cannot proceed and is subject to dismissal.

### IV. CONCLUSION

Although Hill's Complaint meets the minimal pleading standard to establish subject matter jurisdiction, this action remains subject to preservice dismissal under 28 U.S.C. § 1915(e)(2) due the numerous deficiencies discussed herein. However, this Court sua

sponte grants Hill 30 days in which to amend all Counts of her Amended Complaint with the exception of her unlawful/wrongful eviction claim set forth in Count VIII.

IT IS THEREFORE ORDERED:

1. Count VIII of the Amended Complaint alleging a claim of unlawful/wrongful eviction is hereby dismissed without prejudice as premature.

2. Hill is granted leave to file a second amended complaint to address the deficiencies in the remaining Counts in her Amended Complaint consistent with this Memorandum and Order. Failure to file a second amended complaint by **December 9, 2024**, will result in the Court dismissing this case without further notice to Hill.

3. In the event Hill files a second amended complaint, she shall restate the allegations of the current Amended Complaint against the currently named defendants, Filing No. 13, and any new allegations against the named or new defendants keeping in mind the requisite factual allegations necessary for her claims to proceed. Failure to consolidate all claims into one document may result in the abandonment of claims.

*Hill should be mindful to clearly explain why each of the defendants meet the required "color of law" standard (if Hill decides to amend her "civil rights" Counts), as well as what each defendant did to her including the necessary facts relating to any relevant contract clause under which the defendants proceeded with the foreclosure, when each defendant did it, how each defendant's actions harmed her, and what specific legal rights Hill believes each Defendant violated. Put another way, the Court cannot guess as to what each defendant did and when, therefore, Hill should set forth factual allegations that establish who defendants US Bank,*

***Vasco, and 100 Year are, when and how they were involved with Hill and the claims alleged, and what claims Hill alleges against each of them.***

4.    Hill is further warned that an amended complaint will supersede, not supplement, all previously filed complaints and supplements.  Hill must include all of the claims she wishes to pursue against each of the named defendants in this case that she wishes to proceed against in her second amended complaint, without relying upon or incorporating by reference any allegations made in the prior complaints or other cases before this and other courts.  Hill should be mindful to explain in her second amended complaint specifically what each defendant did to her, when and where the defendant did it, and how the defendant's actions harmed her, including references to any documents, clauses, and legal proceedings which will allow this Court to determine if any of her claims may proceed.

5.    The Court reserves the right to conduct further review of Hill's claims pursuant to 28 U.S.C. § 1915(e)(2) after she addresses the matters set forth in this Memorandum and Order.

6.    The Clerk's Office is directed to set a pro se case management deadline in this case using the following text: **December 9, 2024:** Check for second amended complaint.

Dated this 7th day of November, 2022.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Court

21